| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Jerome D Wenszell** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | **Susan A Wenszell** | |
| (Spouse if, filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF WISCONSIN | |
| Case number (if known) | **19-24890** | ☐ Check if this is an amended filing |

Official Form Plan for the
Eastern District of Wisconsin
# Chapter 13 Plan

10/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not mean that the option is necessarily appropriate for you. Plans that do not comply with local rules and judicial rulings may not be confirmable. Nothing in this plan controls over a contrary court order.

**THIS FORM PLAN MAY NOT BE ALTERED OTHER THAN THE NONSTANDARD PROVISIONS IN PART 8 BELOW.**
*Nonstandard provisions set out elsewhere in this plan are ineffective.*

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation. The objection must be filed within 28 days of the completion of the Section 341 Meeting of Creditors. Failure to file a timely objection constitutes acceptance of the plan and its terms. The court will schedule a hearing on any timely filed objections. The court may confirm this plan without further notice if no objection is filed. In addition, a timely proof of claim **must** be filed in order to receive payments from the trustee under this plan.

**Note to Secured Creditors:** If your secured claim is not provided for in Part 3 below, no funds will be disbursed to you by the trustee on your secured claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective even if otherwise provided for in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ■ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

  **$103.56**  per  **Month**  for  **36**  months
*Insert additional lines if needed.*

The plan may not provide for payments over a period that is longer than 60 months.

| Debtor | Jerome D Wenszell | Case number | 19-24890 |
|---|---|---|---|
| | Susan A Wenszell | | |

For OVER median income debtors, the plan must be 60 months or a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

For UNDER median income debtors, the debtor(s) must make sufficient periodic or other payments to enable the trustee to make the payments to creditors stated in this plan, regardless of the number of months indicated in this part of the plan. Thirty-six or more months after confirmation, the plan's term will end when all holders of allowed nonpriority unsecured claims have received the payment amount or percentage stated in Part 5. Prior to 36 months after confirmation, the plan term will end when all holders of allowed claims have received the payment required by the plan and holders of nonpriority unsecured claims have been paid in full. The plan term will not end earlier than stated in this Part 2 if there is a creditor listed in § 4.5 of this plan that will receive less than full payment of its claim under 11 U.S.C. §§ 1322(a)(4) and 507(a)(1)(B).

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- ☐ Debtor(s) will make payments pursuant to a payroll deduction order.
- ■ Debtor(s) will make payments directly to the trustee.

Please note: Debtors are responsible for any payments set forth in the plan or confirmation order that are not withheld under a payroll deduction order.

**2.3 Income tax refunds.**

The debtor(s) will supply the trustee with a copy of each federal and state income tax return filed during the plan term within 14 days of filing any return. The tax refunds received by the debtor(s) must be accounted for on Schedules I and J and, if applicable, Form 22-C-2.

**2.4 Additional payments.**
*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ 3,728.16 .**

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ■ The debtor(s) will maintain payments during the case on the secured claims listed below by paying the claimant directly. For allowed secured claims provided for in the plan, the trustee will disburse payments on any arrearage sufficient to pay the arrearage in full, with interest, if any, at the stated rate. If the Interest rate on arrearage column is left blank, no interest will be paid. The trustee will disburse payment on any arrearage listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) or 3004, and amounts so listed control over any contrary amounts stated below as to the current installment payment and arrearage. The trustee will disburse amounts listed in the Monthly plan payment on arrearage column each month. If no amount is listed in the Monthly plan payment on arrearage column, the trustee will disburse payments to the creditors listed in this Part pro rata with other secured creditors that do not receive equal monthly payments. If a secured creditor obtains relief from the automatic stay as to collateral listed in this section, the trustee will cease payments to that creditor, and the plan will be deemed not to provide for secured claims based on that collateral.

The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment - Disbursed by Debtor (including escrow) | Amount of arrearage - Disbursed by Trustee (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| | | | | | | |

| Debtor | **Jerome D Wenszell**<br>**Susan A Wenszell** | | Case number | **19-24890** | | |
|---|---|---|---|---|---|---|
| **Land Home Financial Services LLC** | 228 North 72nd Street Milwaukee, WI 53213 Milwaukee County 2018 Property tax statement lists value as $253,447.00, minus 8% for cost of sale equals $233,171.24 | $2,400.00 | Prepetition:<br>$0.00 | 0.00% | $0.00 | $0.00 |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

■     **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
■     **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance**.

*Check one.*
■     **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

*Check one.*
■     **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Pre-confirmation adequate protection payments.**

*Check one.*
■     **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

| Part 4: | **Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)** |

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without post-petition interest unless otherwise provided in the plan.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.50**% of plan payments; and during the plan term, they are estimated to total $**227.52**.

**4.3 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**3,500.00**.

**4.4 Priority claims other than attorney's fees and domestic support obligations as treated in § 4.5.** The priority debt amounts listed on a filed proof of claim control over any contrary information or amounts listed in this section. *Check one.*
☐     **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
■     The debtor(s) estimate the total amount of other priority claims to be **$0.00** as detailed below.

| Name of Creditor | Estimated amount of priority unsecured claim |
|---|---:|
| **IRS** | $0.00 |
| **Wisconsin Department of Revenue** | $0.00 |

*Insert additional claims as needed.*

| Debtor | Jerome D Wenszell<br>Susan A Wenszell | Case number | 19-24890 |
|---|---|---|---|

**4.5 Domestic support obligations.** The priority debt amounts listed on a filed proof of claim control over any contrary amounts listed in this section.

*Check one or more.*

- ■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ☐ The sum of $____
- ■ __0__% of the total amount of these claims, an estimated payment of $__0.00__

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__0.00__. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- ■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

- ■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts, Unexpired Leases, and Post-Petition Claims Filed Under § 1305

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

- ■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2 Post-petition claims filed under 11 U.S.C. § 1305.** *Check one.*

■ If any post-petition claims are filed under 11 U.S.C. § 1305 during the term of this plan, the trustee will disburse no funds on any that claim.

☐ If any post-petition claims are filed under 11 U.S.C. § 1305 during the term of this plan, the trustee will disburse funds on the claim. Debtor(s) will modify the plan if necessary to maintain plan feasibility.

### Part 7: Vesting of Property of the Estate and Order of Distribution of Available Funds by the Trustee

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

- ■ plan confirmation.
- ☐ entry of discharge (unless a debtor is not eligible for a discharge, in which case property of the estate will vest in the debtor(s) upon the filing of the Notice of Plan Completion on the docket by the trustee).
- ☐ other: _____

**7.2 Order of distribution of available funds by the trustee after plan confirmation.**

Regular order of disbursement after trustee fees:

| Debtor | Jerome D Wenszell<br>Susan A Wenszell | Case number | **19-24890** |
|---|---|---|---|

Any equal monthly payments to secured creditors listed in Part 3, then

all attorney's fees listed in § 4.3, then

all secured debt (paid pro rata) without equal monthly payments in Part 3 and lease arrearages in § 6.1, then

all priority debt (paid pro rata) under § 1322(a)(2) in §§ 4.4 and 4.5, then

all priority debt (paid pro rata) under § 1322(a)(4) in § 4.5, then

all non-priority unsecured debt (paid pro rata) in Part 5, then

any § 1305 claims in § 6.2.

**Should the case be dismissed or converted to another chapter, the trustee will refund all funds on hand to the debtor(s).**

| Debtor | Jerome D Wenszell | Case number | 19-24890 |
|---|---|---|---|
|  | Susan A Wenszell |  |  |

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***
**The pre-petition arrearage claim and post-petition mortgage payments of $2,400.00 will be treated through a mortgage modification under the Court's Mortgage Modification Mediation Program (MMM). If the mediation does not result in a mortgage modification curing the arrears, the Debtor(s) either will file a modified plan to pay the pre-petition arrearage and post-petition payments or surrender their interest in the real estate to with respect to the property located at 228 North 72nd Street, Milwaukee, WI 53213.**

**Debtors will pay into the Plan the non-exempt potion of proceeds from collection of any accounts receivable owed from sale of JWE, Inc. a/k/a J Wenszell Enterprises, Inc.**

**Debtors will pay into the Plan the non-exempt portion of any proceeds received pertaining to their claim against the Metro Atlanta Rail Transit Authority (MARTA) arising from the incident of August, 2018.**

## Part 9: Signatures:

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

| X | /s/ Jerome D Wenszell | X | /s/ Susan A Wenszell |
|---|---|---|---|
|  | **Jerome D Wenszell** |  | **Susan A Wenszell** |
|  | Signature of Debtor 1 |  | Signature of Debtor 2 |
|  | Executed on **May 31, 2019** |  | Executed on **May 31, 2019** |
| X | /s/ David G. Kingstad | Date | **May 31, 2019** |
|  | **David G. Kingstad 1011206** |  |  |
|  | Signature of attorney for Debtor(s) |  |  |

**By filing this document, each debtor, if not represented by an attorney, or the attorney for each debtor also certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Official Form Plan for the Eastern District of Wisconsin, other than any nonstandard provisions included in Part 8.**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*): | **$0.00** |
| b. | **Modified secured claims** (*Part 3, Section 3.2 total*): | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*): | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*): | **$0.00** |
| e. | **Fees and priority claims** (*Part 4, total*): | **$3,727.52** |
| f. | **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*): | **$0.00** |
| g. | **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*) | **$0.00** |
| h. | **Separately classified unsecured claims** (*Part 5, Section 5.3 total*) | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** (*Part 6, total*) | **$0.00** |
| j. | **Nonstandard payments** (*Part 8, total*) + | **$0.00** |
| | **Total of lines a through j** | **$3,727.52** |